**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melvin Gene Ross, | No. CV-05-0097-PHX-DGC (VAM) |
| Petitioner, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Respondents. | |

Pending before the Court is United States Magistrate Judge Virginia A. Mathis' Report and Recommendation ("R&R"). Doc. #24. The R&R recommends that the Court dismiss the Petition for Writ of Habeas Corpus filed by Petitioner pursuant to 28 U.S.C. § 2254. Doc. #1. Petitioner filed an objection to the R&R on September 12, 2005. Doc. # 28. The Court must undertake a de novo review of those portions of the R&R to which objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See id.*

**Background**

In December 1998, Petitioner was charged in state court with auto theft, a Class 3 felony, CR-98-017796. Doc. #24 at 1. The State amended the charges against Petitioner to include the charge that Petitioner committed the offense while released on bond in

1 another case, CR 98-016058, and that he had five historical prior felony convictions. Doc. #16, Ex. J at 64-65. At the sentencing hearing, the trial court found that the Petitioner had been convicted of felonies in three separate cases, namely CR 96-03770 (burglary in the third degree), CR 92-09161 (burglary in the second degree and burglary in the third degree), and CR 150619 (burglary in the second degree), and that he had committed the auto theft while on release in CR 98-016058. Doc #16, Ex. K at 18-19. Petitioner was sentenced to 13.25 years in prison. Doc. #16, Ex. M at 1.

He filed a timely direct appeal to the Arizona Court of Appeals. *Id*. On July 25, 2000, the Arizona Court of Appeals affirmed the conviction. Doc. #16, Ex. Q. Petitioner then filed for post-conviction relief in May, 2002. Doc. #15, Ex. G. On February 3, 2003, the trial court summarily dismissed the Rule 32 petition with respect to all claims. *Id*. After Petitioner's direct appeal and post conviction relief efforts were unsuccessful, the present federal Petition for Writ of Habeas Corpus was filed. Doc. #1. Petitioner alleges five grounds for relief, all involving federal due process violations, as detailed in the Magistrate's R&R. Doc. #24 at 5-6.

**Discussion**

**I.    Legal Standards**.

Under the Antiterrorism and Effective Death Penalty Act of 1996, the Court may not grant habeas relief unless it concludes that the state's "adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see Woodford v. Visciotti*, 537 U.S. 19, 21 (2002).

A federal court has authority to review a federal constitutional claim presented by a state prisoner if available state remedies have been exhausted. *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). One way the exhaustion requirement can be satisfied is if a petitioner presents his claim to the

1  Arizona Court of Appeals through either the state's direct appeal process or through
2  appropriate post-conviction relief. *See Swoopes v. Sublett*, 196 F.3d 1008, 1009 (9th Cir.
3  1999). Claims presented in habeas petitions are considered exhausted if they have been
4  ruled upon by the Arizona Court of Appeals.

5  As an alternative to presenting his claims to the highest state court, a petitioner can
6  satisfy the exhaustion requirement by showing that no state remedies remained available
7  at the time the federal habeas petition was filed. *See Engle v. Isaac*, 456 U.S. 107, 125
8  (1982). If, however, "state remedies are not available because the petitioner failed to
9  comply with the state procedures and thereby prevented the highest state court from
10 reaching the merits of his claim, then a federal court may refuse to reach the merits of that
11 claim." *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

12 **II.   The R&R and Objection**.

13    **A. Exhaustion Requirement**.

14 Federal claims are considered exhausted only if the substance of the complaint has
15 been fairly presented to and ruled upon by the Arizona Court of Appeals. *See Anderson
16 v. Harless*, 459 U.S. 4, 6 (1982). The Court agrees with the magistrate judge's conclusion
17 that the claims asserted by Petitioner in Grounds I and II were not exhausted because they
18 were not presented to the state court as a violation of his rights under the United States
19 Constitution. Doc. 16, Ex X. Petitioner argues that although "the claims may not be in the
20 sound language or proper wording . . . [all were] made to alert state court's [sic] officials of
21 their state law and federal law const.,'l, [sic] nature." Doc. # 28 at 6. While a federal habeas
22 petitioner may somewhat reformulate the claims made in state court, the substance of the
23 federal habeas claim must have been "fairly presented" in state court in order to satisfy the
24 exhaustion requirement. *Anderson*, 459 U.S. at 6; *Tamapua v. Shimoda*, 796 F.3d 261, 262
25 (9th Cir. 1986). It is not enough that all the facts necessary to support the federal claim were
26 before the state courts or that a "somewhat similar state law claim was made." *Picard v.
27 Connor*, 404 U.S. 270, 278 (1971).

28    The Court also agrees with the magistrate judge's conclusion that Grounds III (with

1 the exception of failure to interview and call exculpatory witnesses), IV (with the exception
2 of failure to disclose exculpatory evidence), and V were never properly presented to the
3 Arizona Court of Appeals.  Doc. #24 at 14.  Petitioner claims to have raised the substance
4 of Grounds III, IV, and V in a motion to the Arizona Court of Appeals as part of his Rule
5 32 proceedings, but that motion was denied on June 14, 2004, and the merits of Petitioner's
6 claims were not considered. *Id.*

7 Thus, only the issues of ineffective counsel with regard to failure to interview
8 potential witnesses (Ground III) and failure to disclose exculpatory evidence (Ground IV)
9 have been exhausted in state court.  Only these issues may be addressed in Petitioner's
10 federal habeas petition.

11 **B. Ineffective Assistance of Counsel**.

12 The R&R correctly sets forth the law regarding ineffective assistance of counsel
13 claims.  To prevail on his claim, Petitioner must show that his counsel's representation fell
14 below an objective standard of reasonableness and that Petitioner was prejudiced.
15 Doc. #24 at 5-6.  Petitioner can establish prejudice by showing that there is a reasonable
16 probability that the proceedings would have been different but for his counsel's deficient
17 performance. *Id.* at 6.

18 Petitioner asserts his counsel was ineffective when "[n]o interview was conducted
19 of the exculpatory witnesses who were made known . . . ."  Doc. #1 at 7.  Specifically,
20 Petitioner argues that counsel erred in failing to interview (1) Girtha Gist, a vehicle owner
21 (and Petitioner's sister) who will testify that she saw Petitioner driving the victim's vehicle
22 before it was reported stolen, thereby casting some doubt on the timing of when the car
23 was actually stolen; (2) the victim's boss, who might testify that the victim was not in
24 possession of his car on the day he reported the car stolen; and (3) the tow truck driver
25 who "would have impeached the insurance witness" on the vehicle's condition at the time
26 of the theft.  Docs. ##16, Ex. X at 11-12, #24 at 21.  As stated in the R&R, Petitioner has
27 provided no assurances, by way of affidavit or sworn statement, that any of the witnesses
28 would have testified as he claims.  Doc. #24.  Petitioner fails to address this deficiency in

- 4 -

1 his objection to the Magistrate's R&R and even attaches to his response a document that
2 admits "[t]here are, unfortunately no one whom can corroborate my truthful claim" that the
3 vehicle was not stolen. Doc #26, Mot. to File Supp. Brief with Pro Se Petition for Exhibits,
4 p 3, side 5. Without presenting some evidence to confirm what these witnesses would say,
5 Petitioner has failed to show that trial counsel erred in failing to interview them or that the
6 failure caused him prejudice. *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002)
7 ("complaints of uncalled witnesses are not favored in federal habeas corpus review
8 because allegations of what the witness would have testified are largely speculative . . .
9 unsupported claims regarding the uncalled witnesses are speculative and disfavored by
10 this Court as grounds for demonstrating ineffective assistance of counsel."); *United States*
11 *v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (". . . evidence about the testimony of a putative
12 witness must generally be presented in the form of actual testimony or by the witness by
13 affidavit. A defendant cannot simply state that the testimony would have been favorable;
14 self-serving speculation will not sustain an ineffective assistance claim.") (citation
15 omitted).

16 **C. Failure to Disclose Exculpatory Evidence**.

17 Petitioner claims that the exculpatory evidence presented at his sentencing hearing
18 by Michael Gordon, the insurance agent for the stolen car, should have been disclosed by
19 the prosecution and that failure to do so violated *Brady v. Maryland*, 373 U.S. 83 (1963).
20 Doc. #16, Ex. X at 13. Specifically, Petitioner states that the testimony of Mr. Gordon and
21 the photographs he took of the damaged vehicle constituted exculpatory evidence because
22 it would show that the owner of the stolen vehicle "was not being truthful about the
23 vehicle's condition [and] [s]uch a showing of untruthfulness . . ." might have supported
24 his defense that the Petitioner was given permission to damage the truck as a part of an
25 insurance scam and to buy drugs. Doc. # 24 at 23.

26 In order to succeed in proving a *Brady* violation, Petitioner must show that the
27 evidence sought is material – that there is a reasonable probability that, had the evidence
28 been disclosed to the defense, the result of the proceeding would have been different. *See*

*United States v. Bagley*, 473 U.S. 667, 682 (1985). The Court agrees with the magistrate judge's conclusion that the evidence described by Petitioner has not been shown to have been in the possession of the prosecutor and, in any event, would not likely have affected the outcome of the trial. The Court agrees with and adopts the magistrate judges reasons for this conclusion as set forth on pages 24-25 of her order. *See* Doc. #24 at 24-25.

The Court will accept the R&R and deny the petition. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."); Fed. R. Civ. P. 72(b).

**IT IS SO ORDERED:**

1. Magistrate Judge Virginia A. Mathis's R&R (Doc. #24) is **accepted**.

2. Petitioner Ross's petition for writ of habeas corpus (Doc. #1) is **denied.**

3. Petitioner's Motion for Leave to Proceed in Forma Pauperis (Doc #25) is **denied** as moot.

4. Petitioner's Motion by Leave of the Court to request to Amend the Magistrate's R&R (Doc #27) is **granted.**

5. Petitioner's Objection to the Magistrate's R&R (Doc. #28) is **denied.**

6. Petitioner's Motion by Leave of the Court to Request all Copies of all Legal Documents filed in this Court (Doc. #29) is **denied** as moot.

7. Petitioner's Motion to Request Documents without Cost (Doc. #26) is **denied** as moot.

8. The Clerk of the Court shall **terminate** this action.

DATED this 15th day of December, 2005.

_____
David G. Campbell
United States District Judge