**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melvin Gene Ross,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV-05-97-PHX-DGC (VAM)<br>No. CV-05-98-PHX-DGC (VAM)<br><br>**ORDER** |

The Court denied Petitioner's federal habeas petitions in December 2005. Dkt. #31, No. CV-05-97; Dkt. #31, No. CV-05-98. Petitioner has filed motions to reopen his petitions. Dkt. #44, No. CV-05-97; Dkt. #43, No. CV-05-98. Petitioner asserts that after the denial of his petitions, he returned to state court on October 17, 2007 to pursue a second round of post-conviction relief. *Id.* at 4. Petitioner argues that because his return to state court proved futile, there is an absence of available post-conviction relief and he therefore is entitled to proceed in this Court on the exhausted state claims. *Id.*

A state claim is deemed technically exhausted but procedurally defaulted when the claim would be deemed barred by an independent and adequate state procedural rule. *See Cherry v. Kempf*, No. CV05-413-C-LMB, 2008 WL 4238912, at *5 (D. Idaho Sept. 9, 2008) (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)). A subsequent federal claim "is also defaulted when the petitioner actually attempted to raise it, but the state courts denied or dismissed the claim pursuant to an independent and adequate state rule." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)). A procedurally defaulted federal claim must

be dismissed "unless the petitioner can establish valid cause for the default and actual prejudice flowing from the [alleged] constitutional error, or he can show that a fundamental miscarriage of justice has occurred." *Id.* (citing *Coleman*, 501 U.S. at 750); *see Noltie v. Peterson*, 9 F.3d 802, 804-05 (9th Cir. 1993).

The state trial court, pursuant to Rule 32 of the Arizona Rules of Criminal Procedure, denied Petitioner's second petition for post-conviction relief on the grounds that it was untimely and raised claims that could have been raised on direct appeal or in a timely petition for post-conviction relief. *State v. Ross*, CR1998-017796 (Ariz. Super. Ct. Jan. 3, 2008). The Arizona court of appeals denied review. *See* Dkt. #44 at 12. Petitioner's claims are therefore procedurally defaulted. Petitioner has not established cause for the default, nor has he shown actual prejudice or a fundamental miscarriage of justice. The Court will deny the motions to reopen the federal habeas petitions. *See Cherry*, 2008 WL 4238912, at *6 (denying motion to amend federal habeas petition as futile because the newly proffered claims were untimely); *Johnson v. Or. State Parole Bd.*, Civ. No. 07-153-CL, 2008 WL 954407, at * (D. Or. Apr. 8, 2008) (denying federal petition where the petitioner had procedurally defaulted his claims and failed to establish cause or prejudice).

**IT IS ORDERED:**

1. Petitioner's motion to reopen federal habeas petition in Case No. CV-05-97 (Dkt. #44) is **denied**.
2. Petitioner's motion to reopen federal habeas petition in Case No. CV-05-98 (Dkt. #43) is **denied**.

DATED this 6th day of October, 2009.

_____
David G. Campbell
United States District Judge